390 So.2d 113 (1980)
SULLIVANS ISLAND SEAFOOD COMPANY, a South Carolina Corporation, Appellant,
v.
ISLAND SEAFOOD COMPANY, a Florida Corporation, Appellee.
No. TT-232.
District Court of Appeal of Florida, First District.
November 7, 1980.
Norwood S. Wilner, of Zisser, Robison & Spohrer, Jacksonville, for appellant.
Fred Butler, Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal and cross-appeal from final judgment in a cause tried to the court without a jury. Appellee was the seller, and appellant the buyer, of some 44,370 pounds of shrimp. The trial court found appellee's tender of the shrimp to be nonconforming under Florida *114 Statutes § 672.2-601; that appellant rightfully and timely inspected and rejected the shrimp with proper notice; and that appellee gave no instructions to appellant as to the disposition of the tendered shrimp after notice of their rejection. These findings are essentially undisputed. The issue here is the damage awarded in the amount of $29,755.04 plus costs, an award challenged by both sides.
The trial court's order is, in pertinent part, as follows:
8. Plaintiff stored the shrimp at its expense in Mobile and eventually reshipped them and sold them piecemeal over a period of time extending from 1977 to mid 1978, recovering in the range of $80,000 to $90,000 as resale proceeds.
9. Some 30 days after plaintiff's rejection, while the tendered shrimp were warehoused in Mobile, Alabama, one Albert King, a seafood merchant, inspected the shrimp and made a good faith offer to buy the tendered lot at a price of $.30 per pound less than plaintiff's purchase price. Plaintiff declined this offer.
10. The decision not to accept King's offer was made at plaintiff's peril.
11. Plaintiff is entitled to recover the difference between the offered price and the purchase price, plus sales commission and incidental expenses incurred in the storage and inspection of said shrimp up to the time of Mr. King's offer, plus interest where appropriate as set out in the addendum hereto.
By addendum to the final judgment, the court computed the damages as follows:

 Price Difference:
 $.30 lb. x 44,370 lbs. $13,311.00
 Commission: 10,537.77
 Storage: 194.02
 Inspection: 747.15
 Interest: 4,965.10
 __________
 Total: $29,755.04

Thus, the trial court determined that appellant should have sold the shrimp to Albert King, whom the record shows discussed the purchase of the entire lot. The record also shows that appellant and King were between "20 and 30 cents per pound apart" on price. Apparently, the trial judge computed damages based on the assumption that appellant was asking its full purchase price, $118,688.70, and that the potential buyer, King, was offering between 20 and 30 cents a pound less than that amount. The record, however, does not reveal what price King was willing to pay; and, in fact, the evidence falls short of showing that an offer to purchase at any price was made.
Findings number nine and eleven of the trial court's order, supra, based as they are on a supposed offer by King, are, accordingly, set aside. Also set aside is the trial court's finding number ten that the failure to sell to King was at appellant's "peril." What is required under Florida Statutes § 672.2-603 is a showing of lack of good faith on the part of the buyer such as appellant in failing to make a salvage sale of the nonconforming merchandise.[1] The question is whether there was a good faith exercise of reasonable business judgment in an effort to mitigate damages. Appellant here cannot be held to have acted at its peril under this standard, and the record is devoid of evidence showing a lack of good faith.
Accordingly, the judgment below is affirmed in part and reversed in part, and the cause is remanded for computation of damages in accordance herewith.
ROBERT P. SMITH, Jr., and SHAW, JJ., concur.
NOTES
[1] Florida Statutes § 672.2-603(1), (3):

(1) ... [W]hen the seller has no agent or place of business at the market of rejection a merchant buyer is under a duty after rejection of goods in his possession or control to follow any reasonable instructions received from the seller with respect to the goods and in the absence of such instructions to make reasonable efforts to sell them for the seller's account if they are perishable or threaten to decline in value speedily.
(3) In complying with this section the buyer is held only to good faith... .